# OLENDERFELDMAN LLP
## ATTORNEYS AT LAW

*Writer's contact information:*
*908-964-2486*
*Michael J. Feldman, Esq.*
*mfeldman@olenderfeldman.com*
**RESPOND TO NEW JERSEY**

December 30, 2009

**VIA E-FILE**
Hon. Robert M. Levy, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

> **RE: DiMaria, et al. v. Goor, et al.**
> **Case No. 1:09-cv-1011**

Dear Judge Levy:

Please accept this letter on behalf of Martin Goor and CFT, Inc., pursuant to Your Honor's December 18, 2009 Order. Specifically, that Order instructed the parties to address one issue: whether any dispute concerning production of e-mails should be addressed at the already-scheduled January 21 conference, or whether it needs to be addressed beforehand. Rather than directly respond to this issue, Mr. Berman submitted a letter on December 24 which "is, in essence, a motion to compel which seeks an Order requiring [Mr. Goor and CFT, Inc.] to immediately produce to Plaintiff emails and other materials relevant to the issues that are the subject of Defendants' motion for partial summary judgment." Though Mr. Berman never actually states whether he believes the issue in Your Honor's December 18 Order should be addressed on January 21 or otherwise, we will assume that he would like it addressed earlier for purposes of this letter. However, as no motion has actually been filed, I will keep this letter within the 3-page limit as directed by Your Honor on December 18.

Our pending motion for partial summary judgment deals with one issue: that the obligation of Mr. Goor to buyout Ms. DiMaria's interest in any corporation pursuant to the December 31, 1992 CFT, Inc. Stockholders Agreement (the "CFT Stockholders Agreement") only applies to Ms. DiMaria's interest in CFT, Inc. (as originally alleged by Ms. DiMaria, but recently amended by Ms. DiMaria to include a whole host of other

---

2840 Morris Avenue
Union, New Jersey 07083
908-964-2485
908-810-6631 (facsimile)

29 West 38th Street – 17th Floor
New York, New York 10018
212-764-8905 (facsimile)

www.olenderfeldman.com

December 30, 2009
Page 2

entities).[1]  Ms. DiMaria's Amended Complaint continues to rely upon the CFT Stockholders Agreement as the basis for Ms. DiMaria's claim to be bought out.

Based upon the foregoing, there are only 3 pertinent issues to this claim: (1) there is the existence of the CFT Stockholders Agreement – which Mr. Berman admittedly already has; (2) there is the issue of whether the CFT Stockholders Agreement was amended pursuant to the terms contained therein so as to apply to other corporate entities in addition to CFT, Inc.; and (3) if no such amendment exists – which it does not – there is the legal issue of whether the CFT Stockholders Agreement is ambiguous as to which entity or entities it applies.  The e-mails at issue have no possible bearing whatsoever on any of these issues.

First, ¶14 of the CFT Stockholders Agreement explicitly provides that the Agreement supersedes all prior agreements and understandings before the parties. Thus, there is no evidence pre-dating December 31, 1992 which could have any bearing on the CFT Stockholders Agreement.  Of course, none of the e-mails are from anytime near, let alone before, 1992.

Second, ¶16 of the CFT Stockholders Agreement explicitly provides that the Agreement can only be "altered, waived, amended or revoked at any time, or from time to time, but only as to its *future application*, **by an instrument in writing duly executed by all of the Stockholders of the Corporation**[2]."  (emphasis added).  Thus, the CFT Stockholders Agreement, by its very terms, contains the entire legal understanding between the parties unless there was a separate writing which was signed by Mr. Goor and Mr. DiMaria. Mr. Goor never signed any separate writing which altered or amended the CFT Stockholders Agreement.  Thus, a search of the e-mails has no bearing on the motion for partial summary judgment as the CFT Stockholders Agreement was not amended or altered.

Third, a search of the e-mails has no bearing on the motion for partial summary judgment even if Mr. Berman continues to hypothecate that e-mails from 2000-2009[3] may somehow contain some mystery extrinsic evidence. Pursuant to Article 16(h) of the CFT Stockholders Agreement, the law of the State of New Jersey governs the construction, performance and enforcement obligations of the parties with respect to the

---

[1]  Though Mr. Goor contends that the CFT Stockholders Agreement does not require Mr. Goor to buyout Ms. DiMaria for various reasons, for purposes of his motion for partial summary judgment, Mr. Goor accepts that he will buyout Ms. DiMaria's interest in CFT, Inc. pursuant to the provisions of the CFT Stockholders Agreement.

[2]  Mr. Goor and Mr. DiMaria were the sole stockholders of CFT, Inc. prior to Mr. DiMaria's death.  Thus, any alteration of amendment, etc., of the CFT Stockholders Agreement would require a writing signed by Mr. Goor and Mr. DiMaria.

[3]  Critically, the earliest e-mails which even exist are from nearly 8 years **after** Mr. Goor and Mr. DiMaria entered into the CFT Stockholders Agreement.

December 30, 2009
Page 3

CFT Stockholders Agreement. New Jersey law provides that the interpretation of the terms of a contract is *decided by the court as a matter of law unless the meaning is both unclear and dependent on conflicting testimony.* Bosshard v. Hackensack Univ. Med. Ctr., 345 N.J. Super. 78, 92 (App. Div. 2001) (emphasis added). New Jersey law also provides that "contracts are given their plain and ordinary meaning. When the terms of a contract are clear, the court must enforce them as written." E. Brunswick Sewerage Auth. v. E. Mill Assocs., Inc., 365 N.J. Super. 120, 125 (App. Div. 2004) (internal citations omitted). Thus, if the CFT Stockholders Agreement says it applies to CFT, Inc. and no other entity, that is how the Court must enforce it -- end of story.

Accordingly, with respect to the pending motion for partial summary judgment, Ms. DiMaria would first have to prove that the terms of the CFT Stockholders Agreement are not clear with respect to which entity the buyout provision applies. However, because the CFT Stockholders Agreement is crystal clear (even in the language quoted by Mr. Berman) that it only applies to CFT, Inc., the issue of clarity is moot. That is, there is no meritorious argument to be asserted that the language in the CFT Stockholders Agreement is unclear as to which entity the buyout applies to. Mr. Berman has not asserted otherwise. Therefore, the Court may not, as a matter of law, consider any extrinsic evidence to interpret the entity to which the CFT Stockholders Agreement applies. Simply put, if the language is clear as a matter of law (as it is), the e-mails are not relevant to the motion; if the language is ambiguous (which it clearly is not), we assume Judge Gleeson would deny our motion as premature. Under either possible scenario, the issue of review of e-mails for purposes of opposing the motion for partial summary judgment is merely a red herring.

Finally, as we are submitting this letter in accordance with the Court's explicit instructions in Your Honor's December 18 Order, we will not waste time responding to the factually and legally inaccurate and incorrect allegations concerning discovery. Suffice it to say, we disagree with almost all of Mr. Berman's allegations and expect to address same when directed by Your Honor, when a motion is actually filed, and/or at the January 21 conference. Having spoken briefly with our IT professional[4] who would review the e-mails, we also are not in agreement as to Mr. Berman's proposed search terms because, at a minimum, we understand that using these terms will pull up all e-mails as they include all parties and all corporate entities. When our IT professional returns from vacation, I will be in a better position to address Mr. Berman's proposal (which is not the subject of this letter or Your Honor's December 18 Order in any event).

Respectfully submitted,

MICHAEL J. FELDMAN

---

[4] He is on vacation.

December 30, 2009
Page 4

cc.     Martin Goor
        Mark Berman, Esq. (via e-filing)