

# OlenderFeldman LLP
### ATTORNEYS AT LAW

*Writer's contact information:*
*Michael J. Feldman, Esq.*
*908-964-2486*
*mfeldman@olenderfeldman.com*
**RESPOND TO NEW JERSEY**

October 28, 2010

**VIA ELECTRONIC FILING**
The Honorable John Gleeson, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers 727S
Brooklyn, New York 11201

    RE:    **DiMaria, et al. v. Goor, et al.**
             **Case No. 1:09-cv-1011 (JG)**

Dear Judge Gleeson:

Please accept this letter on behalf of Defendant Martin Goor in response to Plaintiff's request for an extension of time within which to file an Amended Complaint. Plaintiff's apparent counsel, Mr. Berman, requests an extension from the deadline set by Your Honor in the Court's September 30, 2010 Opinion and Order because his partner, Mr. Finkelstein, has left the firm and he asserts that Ms. DiMaria had "not been well." Your Honor's September 30 Opinion and Order provided quite a long period of time within which Plaintiff could file her second Amended Complaint in this matter – providing 30 days (Plaintiff previously was permitted to Amend her Complaint on December 15, 2009). We wonder why Plaintiff waited 25 days to even raise the issue of an extension with this firm. Mr. Berman's letter makes clear that Ms. DiMaria's purported illness is not new. The letter also makes clear that the loss in Mr. Berman's family – with which we truly sympathize – did not just occur. Finally, we assume that Mr. Finkelstein leaving the firm did not just happen with surprise. Thus, we can only assume that this late request was aimed at backing us and the Court into a corner by almost compelling that an extension be provided.

2840 Morris Avenue
Union, New Jersey 07083
908-964-2485
908-810-6631 (facsimile)

29 West 38th Street – 17th Floor
New York, New York 10018
212-764-8905 (facsimile)

www.olenderfeldman.com

If this was a complex matter, or if the potential claims sought to filed were meritorious, it would have been easier for us to provide the courtesy of consent. However, Mr. Goor has been compelled to incur thousands of dollars in legal fees to defend claims personally asserted against him which lacked legal merit. Now Plaintiff seeks additional time to assert additional claims against Mr. Goor which, if asserted, would necessarily fly in the face of the very statements submitted by Plaintiff's counsel concerning the purported loan (of which Plaintiff's counsel specifically admitted was a corporate loan and not an individual loan). To act in a manner which makes it easier for Plaintiff to assert meritless claims against Mr. Goor would be contrary to my client's interest and my obligations as his attorney. That being said, if Plaintiff merely seeks to assert new claims against other corporate entities, we do not object as I do not anticipate representing those entities.

The bottom line is that if Ms. DiMaria and her counsel were not aware of facts to warrant the filing of an Amended Complaint when they filed their original Complaint, they are acknowledging that their original Complaint was without merit and frivolous. It is implausible, at the least, that they now require an additional 30 days to make up some new set of purported "facts" to support new claims.

In addition to the foregoing, we note that in the event an Amended Complaint is, in fact, filed against Mr. Goor in his individual capacity, we intend to move to disqualify counsel as a necessary witness in connection with the now-dismissed loan claim by Ms. DiMaria (assuming Ms. DiMaria makes up new "facts" to support a claim which was previously dismissed). We also will seek permission to file a Rule 11 motion in connection with all claims.

We believe in professional courtesy in granting extensions where appropriate. However, given the nature of this litigation and the timing of this request, this was not a situation whereby we could consent to the further harassment of our client by leaving the door open even longer to frivolous claims against him.

Finally, we note that Mr. Berman acknowledges that he has already had the meeting with Ms. DiMaria to provide him with the purported "facts" necessary to file an Amended Complaint. Thus, in the event the Court was inclined to grant Plaintiff any relief, it is clear that it does not take an additional 30 days within which to file an Amended Complaint. Indeed, since Mr. Berman first contacted this office (when I was out) on October 25, his meeting with Ms. DiMaria must have occurred before that date. Therefore, he has had at least a week after his client meeting within which to prepare a short Amended Complaint. Since we have a conference set with the Court on November 16, in the event Your Honor is will grant an extension notwithstanding our opposition thereto, we respectfully request that equity would compel that the extension not go beyond November 5 – which would provide counsel with at least 2 weeks (if not more)

The Honorable John Gleeson, U.S.D.J.
May 27, 2010
Page 3

since meeting with his client to prepare this simple Second Amended Complaint. This would also provide us with time within which to review the meritless claims prior to our November 16 conference.

    We thank the Court for Your Honor's time in this matter.

                      Respectfully submitted,

                      */s/ Michael J. Feldman*

                      **MICHAEL J. FELDMAN**

cc:    Mark Berman, Esq.
        Stephen B. McNally, Esq.
        Michael Shapanka, Esq.
        Melissa A. Pena, Esq.