UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JEAN T. DIMARIA, Individually and as Administratrix of the Estate of GARY DIMARIA, and, Derivatively on behalf of CONTRACT FURNITURE WAREHOUSE CORP., CONTRACT FURNITURE PAINTING, LLC, CONTRACT FURNITURE INSTALLATIONS, LLC, DEPENDABLE MOVING AND STORAGE INC., DEPENDABLE MOVING AND STORAGE CORP., and CONTRACT FURNITURE TRANSPORTATION, LLC,

                                        Plaintiffs,

            -against-

MARTIN GOOR, CONTRACT FURNITURE TRANSPORT, INC., CONTRACT FURNITURE TRANSPORT ASSOCIATES, INC., CFT-IOS, INC., RYAN GOOR, CONTRACT FURNITURE WAREHOUSE CORP., CONTRACT FURNITURE PAINTING, LLC,  CONTRACT FURNITURE INSTALLATIONS, LLC, DEPENDABLE MOVING AND STORAGE, INC., DEPENDABLE MOVING AND STORAGE CORP., and CONTRACT FURNITURE TRANSPORTATION, LLC,

                                        Defendants.

---

**Index No:  1:09-CV-1011 (JG)**


**ANSWER AND SEPARATE DEFENSES OF DEFENDANTS, CONTRACT FURNITURE TRANSPORT, INC. AND CONTRACT FURNITURE TRANSPORT ASSOCIATES, INC. TO THE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

---

Defendants, Contract Furniture Transport, Inc. and Contract Furniture Transport Associates, Inc. (jointly "Defendants"), by and through their undersigned counsel, Norris, McLaughlin & Marcus, PA hereby answers the Second Amended and Supplemental Complaint (the "Second Amended Complaint") of Plaintiff, Jean T. DiMaria, Individually, and as Administratrix of the Estate of Gary DiMaria, and Derivatively on behalf of Contract Furniture Warehouse Corp., Contract Furniture Installations, LLC, Dependable Moving and Storage, Inc., Dependable Moving and Storage Corp., and Contract Furniture Transportation, LLC ("Plaintiff"), as follows:

## PROCEDURAL HISTORY

1.   Defendants admit the allegations contained in paragraph 1 of the Second Amended Complaint except that Defendants neither admit nor deny the allegations regarding the September 30, 2010 Memorandum and Order of this Court (the "Order") as the Order speaks for itself.

2.   Defendants neither admit nor deny the allegations contained in paragraph 2 of the Second Amended Complaint as the Order speaks for itself.

## NATURE OF THE ACTION

3.   To the extent the allegations contained in paragraph 3 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations set forth therein.  To the extent the allegations contained in paragraph 3 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Second Amended Complaint.

4.   Defendants admit the allegations contained in paragraph 4 of the Second Amended Complaint that prior to the death of Gary DiMaria, he and Martin Goor were owners of Defendants, which were involved in the business of furniture delivery, installation, warehousing, labor, moving and/or storage.  Defendants lack any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Second Amended Complaint.

5.   To the extent the allegations contained in paragraph 5 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations including any inference raised therein that the execution of the Deeds of Assignment for the Benefit of Creditors by Defendants on November 17, 2009 was improper and/or that Defendants failed to properly disclose information in connection with the assignment action entitled In the Matter of the General Assignment for the Benefit of Contract Furniture Transports Associates, Inc. to Steven Mitnick, Docket No.

300140 and In the Matter of the General Assignment for the Benefit of Creditors of Contract Furniture Transport, Inc. to Steven Mitnick, Docket No. 300139 pending in the Superior Court of New Jersey, Chancery Division, Probate Part, Hudson County (hereinafter the "Assignment Actions").  To the extent the allegations contained in paragraph 5 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Second Amended Complaint.

6.   To the extent the allegations contained in paragraph 6 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations set forth therein including any inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 6 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Second Amended Complaint.

7.   To the extent the allegations contained in paragraph 7 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations set forth therein including any inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 7 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Second Amended Complaint.

8.   Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Second Amended Complaint except to admit that in December 1992, Contract Furniture Transport, Inc. ("CFT, Inc.") entered into a contract with Gary DiMaria and Martin Goor (the "Contract"), the terms of which speak for themselves.

9.   Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Second Amended Complaint except to admit that CFT, Inc. did not purchase Gary DiMaria's shares in the company after his death.

10. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Complaint except Defendants neither admit nor deny the allegations regarding the terms of the Contract as the Contract speaks for itself.

11. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Second Amended Complaint except Defendants neither admit nor deny the allegations regarding the terms of the Contract as the Contract speaks for itself.

12. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint.

13. To the extent the allegations contained in paragraph 13 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations set forth therein. To the extent the allegations contained in paragraph 13 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Second Amended Complaint.

14. To the extent the allegations contained in paragraph 14 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations set forth therein. To the extent the allegations contained in paragraph 14 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Second Amended Complaint.

## THE PARTIES

15. Defendants neither admit nor deny the allegations contained in paragraph 15 of the Second Amended Complaint to the extent that they call for a legal conclusion.  Defendants lack any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Second Amended Complaint except to admit that (a) Gary DiMaria is deceased; (b) prior to Mr. DiMaria's death, he was a shareholder and/or a partner in Defendants; and (c) Gary DiMaria and Jean T. DiMaria were married.

16. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Second Amended Complaint except to admit that Martin Goor was an officer and director of Defendants.  Defendants deny any inference raised in paragraph 16 of the Second Amended Complaint that the commencement of the Assignment Actions was improper.

17. Defendants admit the allegations contained in paragraph 17 of the Second Amended Complaint except to deny that Defendants conducted business after the filing of the Assignment Actions.

18. Defendants admit the allegations contained in paragraph 18 of the Second Amended Complaint except to deny that Defendants conducted business after the filing of the Assignment Actions.

19. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Second Amended Complaint.

20. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Second Amended Complaint.

21. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Second Amended Complaint.

22. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Second Amended Complaint.

23. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Second Amended Complaint.

24. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Second Amended Complaint.

25. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Second Amended Complaint.

26. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Second Amended Complaint.

## JURISDICTION AND VENUE

27. Defendants neither admit nor deny the allegations contained in paragraph 27 of the Second Amended Complaint as same calls for a conclusion of law.

28. Defendants neither admit nor deny the allegations contained in paragraph 28 of the Second Amended Complaint as same calls for a conclusion of law.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

29. To the extent the allegations contained in paragraph 29 of the Second Amended Complaint calls for a legal conclusion, Defendants neither admit nor deny same.  Defendants lack any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Second Amended Complaint except to admit the existence of the Contract, the terms of which speak for themselves.

**Plaintiff's Allegations that Goor Has a Contractual Obligation to Purchase Decedent's Stock in CFT, Inc.**

30. To the extent the allegations contained in paragraph 30 of the Second Amended Complaint refer to the terms of the Contract, Defendants neither admit nor deny such allegations as the terms of the Contract speak for themselves.  Defendants lack any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Second Amended Complaint.

31. To the extent the allegations contained in paragraph 31 of the Second Amended Complaint refer to the terms of the Contract, Defendants neither admit nor deny such allegations as the terms of the Contract speak for themselves.  Defendants lack any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Second Amended Complaint.

32. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Second Amended Complaint except to admit that (a) Gary DiMaria is deceased; and (b) CFT, Inc. did not purchase his stock.

33. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Second Amended Complaint.

34. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Second Amended Complaint.

**Plaintiff's Allegations that Goor Has Failed to Determine the Death Purchase Price**

35. To the extent the allegations contained in paragraph 35 of the Second Amended Complaint refer to the terms of the Contract, Defendants neither admit nor deny such allegations as the terms of the Contract speak for themselves.  Defendants lack any knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the Second Amended Complaint.

36. To the extent the allegations contained in paragraph 36 of the Second Amended Complaint refer to the terms of the Contract, Defendants neither admit nor deny such allegations as the terms of the Contract speak for themselves. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Second Amended Complaint.

37. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Second Amended Complaint.

38. To the extent the allegations contained in paragraph 38 of the Second Amended Complaint refer to the terms of the Contract, Defendants neither admit nor deny such allegations as the terms of the Contract speak for themselves. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Second Amended Complaint.

39. Defendants neither admit nor deny the allegations contained in paragraph 39 of the Second Amended Complaint as the Order speaks for itself.

40. Defendants neither admit nor deny the allegations contained in paragraph 40 of the Second Amended Complaint as the Order speaks for itself.

41. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Second Amended Complaint.

42. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Second Amended Complaint.

43. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Second Amended Complaint.

**Plaintiff's Allegations Regarding an Accounting**

44. Defendants neither admit nor deny the allegations contained in paragraph 44 of the Second Amended Complaint as the terms of the Contract speak for themselves.

45. Defendants neither admit nor deny the allegations contained in paragraph 45 of the Second Amended Complaint as the terms of the Contract speak for themselves.

46. To the extent the allegations contained in paragraph 46 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations set forth therein as a full accounting of Defendants will be conducted in the Assignment Actions. To the extent the allegations contained in paragraph 46 of the Second Amended Complaint are directed at other Defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of such allegations.

**Plaintiff's Allegations Regarding CFT-IOS**

47. To the extent the allegations contained in paragraph 47 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations set forth therein including any inference raised therein that the commencement of the Assignment Actions was improper. To the extent the allegations contained in paragraph 47 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Second Amended Complaint.

48. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Second Amended Complaint.

49. To the extent the allegations contained in paragraph 49 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations.  To the extent the allegations contained in paragraph 49 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Second Amended Complaint.

50. To the extent the allegations contained in paragraph 50 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations.  To the extent the allegations contained in paragraph 50 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Second Amended Complaint.

51. To the extent the allegations contained in paragraph 51 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations, including the inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 51of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Second Amended Complaint.

52. To the extent the allegations contained in paragraph 52 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations.  To the extent the allegations contained in paragraph 52 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Second Amended Complaint

53. Defendants neither admit nor deny the allegations contained in paragraph 53 of the Second Amended Complaint as same calls for a conclusion of law.  Defendants deny any inference raised in

paragraph 53 of the Second Amended Complaint that the commencement of the Assignment Actions was improper.

54. Defendants neither admit nor deny the allegations contained in the first sentence of paragraph 54 of the Second Amended Complaint as same calls for a conclusion of law.  To the extent the allegations contained in paragraph 54 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations, including the allegation that the commencement of the Assignment Actions is improper.  To the extent the allegations contained in paragraph 54 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of such allegations.

55. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Second Amended Complaint.

**Plaintiff's Alleged Loan to Martin Goor, L&D, Defendants and the CFT Entities**

56. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Second Amended Complaint except to deny that Plaintiff provided Defendants with a loan.

57. To the extent the allegations contained in paragraph 57 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations contained in paragraph 57 of the Second Amended Complaint.   To the extent the allegations contained in paragraph 57 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Second Amended Complaint.

58. To the extent the allegations contained in paragraph 58 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations contained in

paragraph 58 of the Second Amended Complaint. To the extent the allegations contained in paragraph 58 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Second Amended Complaint.

59. To the extent the allegations contained in paragraph 59 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations contained in paragraph 59 of the Second Amended Complaint. To the extent the allegations contained in paragraph 59 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Second Amended Complaint.

**Plaintiff's Allegations Regarding the Futility of a Demand on the Directors**

60. Defendants neither admit nor deny the allegations contained in paragraph 60 of the Second Amended Complaint as same calls for a conclusion of law.

61. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Second Amended Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

**(By Jean T. DiMaria, Individually and as Administratrix of the Estate of Gary DiMaria, Against Goor for Breach of Contract)**

62. Defendants repeat, reiterate and reallege each and every answer hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number 62 of the Second Amended Complaint.

63. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Second Amended Complaint except to admit the existence of the Contract.

64. Defendants neither admit nor deny the allegations contained in paragraph 64 of the Second Amended Complaint as same calls for a conclusion of law.

65. Defendants neither admit nor deny the allegations contained in paragraph 65 of the Second Amended Complaint as same calls for a conclusion of law.

66. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Second Amended Complaint.

67. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Second Amended Complaint.

68. To the extent the allegations contained in paragraph 68 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations set forth therein including any inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 68 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Second Amended Complaint.

69. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Second Amended Complaint.

70. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Second Amended Complaint.

71. Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Second Amended Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

### (By Jean T. DiMaria, Derivatively and on Behalf of the CFT Entities Against Goor for Breach of Fiduciary Duty)

72. Defendants repeat, reiterate and reallege each and every answer hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number 72 of the Second Amended Complaint.

73. Defendants neither admit nor deny the allegations contained in paragraph 73 of the Second Amended Complaint as same calls for a conclusion of law.

74. Defendants neither admit nor deny the allegations contained in paragraph 74 of the Second Amended Complaint as same calls for a conclusion of law.

75. To the extent the allegations contained in paragraph 75 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations, including any inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 75 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Second Amended Complaint.

76. To the extent the allegations contained in paragraph 76 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations, including any inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 76 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Second Amended Complaint.

77. To the extent the allegations contained in paragraph 77 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations, including any inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 77 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Second Amended Complaint.

<strong><u>AS AND FOR A THIRD CAUSE OF ACTION</u></strong>

<strong>(By Jean T. DiMaria, Individually, Against Goor, the Defendants and the CFT Entities for Unjust Enrichment and Restitution)</strong>

78. Defendants repeat, reiterate and reallege each and every answer hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number 78 of the Second Amended Complaint.

79. To the extent the allegations contained in paragraph 79 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations set forth therein.  To the extent the allegations contained in paragraph 79 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Second Amended Complaint.

80. To the extent the allegations contained in paragraph 80 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations set forth therein.  To the extent the allegations contained in paragraph 80 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Second Amended Complaint.

81. To the extent the allegations contained in paragraph 81 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations set forth therein. To the extent the allegations contained in paragraph 81 of the Second Amended Complaint are directed at other Defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Second Amended Complaint.

82. To the extent the allegations contained in paragraph 82 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny the allegations set forth therein. To the extent the allegations contained in paragraph 82 of the Second Amended Complaint are directed at other Defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Second Amended Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

**(By Jean T. DiMaria, Derivatively on Behalf of the CFT Entities Against Goor and Ryan Goor for Conspiracy)**

83. Defendants repeat, reiterate and reallege each and every answer hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number 83 of the Second Amended Complaint.

84. To the extent the allegations contained in paragraph 84 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations. To the extent the allegations contained in paragraph 84 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Second Amended Complaint.

85. To the extent the allegations contained in paragraph 85 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations. To the extent

the allegations contained in paragraph 85 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Second Amended Complaint.

86. To the extent the allegations contained in paragraph 86 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations, including any inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 86 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Second Amended Complaint.

87. To the extent the allegations contained in paragraph 87 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations, including any inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 87 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Second Amended Complaint.

88. To the extent the allegations contained in paragraph 88 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations, including any inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 88 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Second Amended Complaint.

89. To the extent the allegations contained in paragraph 89 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations, including any

inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 89 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Second Amended Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (By Jean T. DiMaria, Derivatively on Behalf of the CFT Entities Against Ryan Goor AND CFT-IOS for Aiding and Abetting Breach of Fiduciary Duty)

90. Defendants repeat, reiterate and reallege each and every answer hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number 90 of the Second Amended Complaint.

91. To the extent the allegations contained in paragraph 91 of the Second Amended Complaint call for a conclusion of law, Defendants neither admit nor deny same.  Defendants lack any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 91 of the Second Amended Complaint.

92. To the extent the allegations contained in paragraph 92 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations, including any inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 92 of the Second Amended Complaint are directed at other Defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Second Amended Complaint.

93. To the extent the allegations contained in paragraph 93 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations, including any inference raised therein that the commencement of the Assignment Actions was improper.  To the

extent the allegations contained in paragraph 93 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Second Amended Complaint.

94. To the extent the allegations contained in paragraph 94 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations, including any inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 94 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Second Amended Complaint.

95. To the extent the allegations contained in paragraph 95 of the Second Amended Complaint are directed at the answering Defendants, Defendants deny such allegations, including any inference raised therein that the commencement of the Assignment Actions was improper.  To the extent the allegations contained in paragraph 95 of the Second Amended Complaint are directed at other defendants, Defendants lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Second Amended Complaint.

## SEPARATE DEFENSES

By asserting the following separate defenses, Defendants do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters:

## FIRST SEPARATE DEFENSE

By way of two separate Deeds of Assignments, all of the assets of the Defendants were conveyed to Steve Mitnick as an Assignee for the Benefit of all of Defendants' creditors.  The Assignment Actions (as defined previously herein) remain pending in the Superior Court of New Jersey.  Plaintiff's sole remedy is to file a *timely* proof of claim in the Assignment Actions and Plaintiff is barred from obtaining monetary relief in the instant action.

## SECOND SEPARATE DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## THIRD SEPARATE DEFENSE

The Complaint is barred in whole, or in part, by the doctrine of waiver and/or estoppel.

## FOURTH SEPARATE DEFENSE

The Complaint is barred in whole, or in part, by the doctrine of laches.

## FIFTH SEPARATE DEFENSE

The Complaint is barred in whole, or in part, by the doctrine of unclean hands.

## SIXTH SEPARATE DEFENSE

Plaintiff cannot establish her claims against Defendants as the alleged "loan" in the amount of $284,000 inured to the benefit of other defendants and third parties and constitute the obligation of other defendants and third parties over whom Defendants have no control.

## SEVENTH SEPARATE DEFENSE

Plaintiff cannot establish her claim against Defendants as the alleged "loan" was given at a time when (a) no disinterested lending institution would have loaned the Defendants the $284,000; (b) Defendants were undercapitalized and insolvent; (c) Plaintiff had no reasonable expectation that Defendants would pay the purported "loan" as evidenced by the lack of any written promissory note; and (d) Plaintiff did not contribute any new value to Defendants.  As a result, the purported "loan" is a capital contribution.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims against Defendants are barred by the statute of frauds, N.Y. Gen. Obl. Law § 5-701(a), *et seq.*

## NINTH SEPARATE DEFENSE

To the extent, Plaintiff asserts a claim for unjust enrichment against Defendants, such claim is barred by the holding in Ellis v. Provident Life & Accident Ins. Co., 3 F.Supp.2d 399, 410 (S.D.N.Y. 1989), *aff'd*, 172 F.3d 37 (2d Cir. 1999).

## TENTH SEPARATE DEFENSE

Plaintiff cannot establish that her damages, if any, were proximately caused by the answering Defendants.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's damages are caused by third parties over whom these answering Defendants have no control.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claim for unjust enrichment must fail as plaintiff, herself, benefitted from the alleged loan.

## THIRTEENTH SEPARATE DEFENSE

Defendants assert that they intend to rely upon such other defenses as may be available or apparent during discovery and hereby reserves their right to amend this answer to plead said defenses.

**WHEREFORE**, Defendants, Contract Furniture Transport, Inc. and Contract Furniture Transport Associates, Inc. demand judgment in their favor, dismissing plaintiff's Second Amended Complaint with prejudice and with costs, and for such other and further relief as the Court deems equitable and just.

Dated:  New York, New York
   May 2, 2011

NORRIS, McLAUGHLIN & MARCUS, PA
Attorneys for Defendants, Contract Furniture Transport,
Inc. and Contract Furniture Transport Associates, Inc.


/s/ Melissa A. Peña
Melissa A. Peña
875 Third Avenue, 8th Floor
New York, New York 10022
Telephone:  (212) 808-0700
Email:  mapena@nmmlaw.com