---------------------------------------------------------------- X
JEAN T. DIMARIA, Individually and as　　　　　　　:
administratrix of the estate of GARY DIMARIA,　　　:
and derivatively on behalf of　　　　　　　　　　　:
CONTRACT FURNITURE WAREHOUSE　　　　　　　:
CORP., CONTRACT FURNITURE　　　　　　　　　:
PAINTING, LLC, CONTRACT FURNITURE　　　　　:　　MEMORANDUM
INSTALLATIONS, LLC, DEPENDABLE　　　　　　　:　　AND ORDER
MOVING AND STORAGE, INC.,　　　　　　　　　　:
DEPENDABLE MOVING AND STORAGE　　　　　　:　　09-CV-1011 (JG) (RML)
CORP., SERVICE EAST, INC., and　　　　　　　　　:
CONTRACT FURNITURE　　　　　　　　　　　　　:
TRANSPORTATION, LLC,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Plaintiffs,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　- against -　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
MARTIN GOOR, CFT-IOS, INC.,　　　　　　　　　　:
RYAN GOOR, and  CONTRACT FURNITURE　　　　:
TRANSPORT, INC., CONTRACT FURNITURE　　　:
TRANSPORT ASSOCIATES, INC., CONTRACT　　:
FURNITURE WAREHOUSE CORP.,　　　　　　　　:
CONTRACT FURNITURE PAINTING, LLC,　　　　　:
CONTRACT FURNITURE INSTALLATIONS,　　　　:
LLC, DEPENDABLE MOVING AND STORAGE,　　:
INC., DEPENDABLE MOVING AND STORAGE　　:
CORP., SERVICE EAST, INC., and CONTRACT　　:
FURNITURE TRANSPORTATION, LLC,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Defendants.　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
---------------------------------------------------------------- X

A P P E A R A N C E S:

　　　GANFER & SHORE
　　　　　　360 Lexington Avenue,
　　　　　　New York, New York 10017
　　　By:　Allen L. Finkelstein
　　　　　　Anne D. Taback
　　　　　　Mark A. Berman
　　　　　　*Attorneys for Plaintiffs*

EPSTEIN & CRESCI
    7 Dey St., 11th Floor
    New York, New York 10007
By:   Timothy Charles Walsh
    *Attorney for Plaintiffs*

OLENDER FELDMAN LLP
    270 Lafayette Street, Suite 1510,
    New York, New York 10012
By:   Mark D. Miller
    Michael J. Feldman
    Kurt D. Olender
    *Attorneys for Defendants Martin Goor, Contract Furniture Transport, Inc.,*
        *and Contract Furniture Transport Associates, Inc.*

McNALLY & ASSOCIATES, LLC
    93 Main Street,
    Newton, New Jersey 07860
By:   Stephen B. McNally
        --&--
MICHAEL SHAPANKA, ESQ.
    150 West End Ave,
    Somerville, New Jersey 08876
    *Attorneys for Defendants CFT-IOS, Inc. and Ryan Goor*

NORRIS, McLAUGHLIN & MARCUS, PA
    875 Third Avenue, 8th Floor,
    New York, New York 10022
By:   Melissa A. Peña
    *Attorneys for Defendants Contract Furniture Transport, Inc. and Contract*
        *Furniture Transport Associates, Inc.*

JOHN GLEESON, United States District Judge:

    Plaintiff Jean T. DiMaria ("DiMaria") is the widow of Gary DiMaria ("Mr. DiMaria"). Mr. DiMaria and defendant Martin Goor ("Goor") were business partners who jointly owned a number of corporate entities, collectively referred to as the "CFT Entities."[1] Mr.

---

[1] The "CFT Entities" as referred to in this memorandum and order include Contract Furniture Transport, Inc., Contract Furniture Transport Associates, Inc., Contract Furniture Warehouse Corp., Contract Furniture Painting, LLC, Contract Furniture Installations, LLC, Dependable Moving and Storage, Inc., Dependable Moving and Storage Corp, and Contract Furniture Transportation, LLC. As used by DiMaria in her First Amended Complaint, "CFT Entities" included a ninth entity, Services East, Inc., but DiMaria has not included that entity in her Second Amended Complaint. As discussed below, in her Second Amended Complaint, DiMaria also defines

DiMaria died in 2006, and his shares in the CFT Entities passed to DiMaria. In her Second Amended Complaint, DiMaria alleges that, after Mr. DiMaria's death, Goor breached an agreement to buy out her shares in one of the CFT Entities, Contract Furniture Transport, Inc. ("CFT, Inc."); that Goor stripped the CFT Entities of their assets, in violation of Goor's fiduciary duties to the CFT Entitites, by unlawfully transferring those assets to a new corporation called CFT-IOS, Inc. ("CFT-IOS"); that Goor's son Ryan Goor ("Ryan") conspired with his father and aided and abetted in that unlawful transfer; and that Goor and the CFT entities were unjustly enriched by a loan of approximately $284,000 that DiMaria made to the CFT Entities in 2007. The Second Amended Complaint asserts claims against Goor, Ryan, CFT-IOS, and the CFT Entities. Goor, Ryan, and CFT-IOS have moved to dismiss certain of DiMaria's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[2] For the reasons stated below, the defendants' motions are granted in their entirety. As a result, Ryan and CFT-IOS are dismissed from the case, DiMaria's derivative claims are dismissed in their entirety, and DiMaria's claim for unjust enrichment is dismissed as against Goor.[3]

BACKGROUND

A.  *Factual Allegations*

The facts of this case are set forth in a memorandum and order dated September 30, 2010, *DiMaria v. Goor*, No. 09-CV-1011(JG)(RML), 2010 WL 3923227 (Sept. 30, 2010), and familiarity with them is assumed. I recite in this memorandum and order only those facts necessary to a disposition of the present motions. This case involves three distinct sets of facts,

---

"CFT Entities" to exclude Contract Furniture Transport, Inc. and Contract Furniture Transport Associates, Inc. However, for the purposes of this memorandum and order, "CFT Entities" is defined to include those two entities unless otherwise noted.

[2] The CFT Entities have not moved to dismiss or otherwise responded to the complaint.
[3] The claims that survive are DiMaria's first cause of action for breach of contract against Goor, and her third cause of action for unjust enrichment as against the CFT Entities.

all related to ownership and operation of the CFT Entities. First at issue is a 1992 Shareholder Agreement signed by Goor and Mr. DiMaria in their capacities as sole shareholders of CFT, Inc. under which each was obligated to buy out the other's interest if the other died. In her first cause of action, DiMaria seeks to enforce Goor's performance of that promise. The parties dispute only the purchase price, not Goor's liability.

Second, DiMaria alleges that, since her husband's death, Goor, working in concert with his son, has wrongfully stripped the CFT Entities of their assets and has unlawfully transferred those assets to a new corporation called CFT-IOS, of which Ryan is president. DiMaria alleges that the CFT Entities were inextricably intertwined at the time of Mr. DiMaria's death. Three years after he died, on November 17, 2009, two of the CFT Entities, CFT, Inc. and Contract Furniture Transport Associates, Inc. ("CFT Associates"), entered into an assignment for the benefit of creditors, or "ABC proceeding," under New Jersey law. Pursuant to those proceedings, the assets of CFT, Inc. and CFT Associates were transferred to CFT-IOS. DiMaria's breach of fiduciary duty claim seems largely based on this transfer. She alleges that "[t]he assignment of CFT, Inc. and CFT Associates took the assets of the CFT Entities and did so without providing the CFT Entities any consideration, and simply gave them to CFT-IOS." Second Am. Compl. ¶ 54. DiMaria also claims that Goor misappropriated assets for his private use and deprived the CFT Entities of their value by using CFT-IOS to perform work previously handled by the CFT Entities. These allegations form the basis of DiMaria's second, fourth and fifth causes of action, which are derivative claims on behalf of the CFT Entities against, respectively, Goor for breach of fiduciary duty; Goor and Ryan for conspiracy to breach Goor's fiduciary duty; and Goor and CFT-IOS for aiding and abetting Goor's breach of fiduciary duty.

4

Finally, this case concerns a $284,000 loan that DiMaria allegedly made to the CFT Entities prior to her husband's death. DiMaria concedes that "this payment was not made to Goor directly nor did he enter into a written guaranty of such loan." Second Am. Compl. ¶ 57. Nonetheless, in her third cause of action, DiMaria seeks to hold Goor, as well as the CFT Entities, liable under a theory of unjust enrichment.

B.  *Procedural History*

This action was commenced in the Supreme Court of Richmond County, New York, on February 6, 2009, when DiMaria filed a complaint on her own behalf, as administratrix of her husband's estate, and derivatively on behalf of CFT, Inc. and a company named L&D Installers, Inc. ("L&D"), which is not among the CFT Entities, and which is no longer a party to this case. In her original complaint, DiMaria asserted claims against Goor, CFT, Inc., and two other defendants, which she later voluntarily dismissed from the action. DiMaria asserted ten causes of action in her original complaint, including claims for breach of contract, breach of fiduciary duties, and unjust enrichment.

On March 11, 2009, the defendants removed the action to this court on the basis of diversity jurisdiction. In response to a motion for summary judgment filed by Goor on December 4, 2009, DiMaria moved to amend her complaint. The First Amended Complaint was deemed filed as of December 15, 2009. In her complex First Amended Complaint, DiMaria asserted nine claims on behalf of herself, on behalf of her husband's estate, and derivatively on behalf of the CFT Entities, against Goor, CFT-IOS, Ryan, the CFT Entities, and Steven Mitnick, who had been appointed receiver of CFT, Inc. and CFT Associates pursuant to the ABC proceeding.

In December 2009 and January 2010, the defendants named in the First Amended Complaint filed motions to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and for summary judgment, pursuant to Fed. R. Civ. P. 56. By memorandum and order dated September 30, 2010, I granted a number of defendants' motions, greatly simplifying the action. First, I dismissed with prejudice all claims against Mitnick. Second, I held that the 1992 Shareholder Agreement obligated Goor to purchase Mr. DiMaria's shares in CFT, Inc., but not in the other CFT Entities, and I declined Goor's motion for a declaration that the purchase price is zero. Third, I dismissed all claims raised by DiMaria personally and on behalf of her husband's estate against Goor for breach of fiduciary duty. I reasoned that those claims alleged harms to the CFT Entities, rather than to DiMaria and her husband individually. Third, I dismissed all of DiMaria's derivative claims asserted on behalf of the CFT Entities against Goor, Ryan and CFT-IOS. I held that the proper place to raise any derivative claims on behalf of CFT, Inc. and CFT Associates was in the New Jersey ABC proceeding, and I therefore dismissed all such claims with prejudice. I also dismissed the derivative claims on behalf of the remaining CFT Entities because the First Amended Complaint failed to specify how these Entities were harmed by the defendants' conduct. Specifically, I noted that DiMaria's allegations did not distinguish among the CFT Entities and, in particular, that they did not distinguish between CFT, Inc. and CFT Associates on the one hand and the remaining CFT Entities on the other. Accordingly, I dismissed the derivative claims on behalf of Contract Furniture Warehouse Corp., Contract Furniture Painting, LLC, Contract Furniture Installations, LLC, Dependable Moving And Storage, Inc., Dependable Moving And Storage Corp., Service East, Inc., and Contract Furniture Transportation, LLC, but I granted DiMaria leave to replead those claims with specific allegations as to the harms allegedly suffered by each of these entities. Finally, with respect to

the loan allegations, I declined to dismiss DiMaria's claim for repayment as against the CFT Entities, but I held that the First Amended Complaint contained no basis for holding Goor personally liable on the loan. I therefore dismissed the loan claim as against Goor, but I granted DiMaria an opportunity to replead the claim with specific facts, if any, that would make Goor personally answerable.

On November 29, 2010, DiMaria filed her Second Amended Complaint. As mentioned above, DiMaria now asserts five causes of action: (1) breach of contract against Goor on behalf of herself and her husband's estate; (2) breach of fiduciary duty against Goor derivatively on behalf of the CFT Entities; (3) unjust enrichment against Goor and the CFT Entities on behalf of herself; (4) conspiracy against Goor and Ryan derivatively on behalf of the CFT Entities; and (5) aiding and abetting breach of fiduciary duty against Ryan and CFT-IOS derivatively on behalf of the CFT Entities. Now before me are Goor's motion to dismiss claims two, three and four, and Ryan and CFT-IOS's motion to dismiss claims four and five.[4] Oral argument was held on July 8, 2011. For the reasons stated below, the motions are granted without leave to replead.

DISCUSSION

A.  *Legal Standard for a Motion to Dismiss*

To survive a motion under Fed. R. 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible only if the pleaded facts permit a court to reasonably infer that the plaintiff is entitled to relief. *Id*. "Factual allegations must be enough to raise a right to relief above the

---

[4] Neither motion addresses DiMaria's first cause of action against Goor for breach of contract, which therefore remains undisturbed. In addition, the CFT Entities have not moved to dismiss DiMaria's third cause of action for unjust enrichment and restitution, which seeks repayment of the alleged $284,000 loan.

7

speculative level," and the stated grounds for relief must consist of more than "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). When deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor. *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

B.   *Breach of Fiduciary Duty*

The bases of DiMaria's fiduciary claims are not entirely clear. What is clear is that they are premised on the same factual allegations I deemed insufficient to state a claim in my September 30, 2010 order. DiMaria purports to bring claims on behalf of each of six separate entities. However, as in her First Amended Complaint, DiMaria continues to make allegations on behalf of the CFT Entities as a whole without distinguishing among them. In order to make out a claim for breach of fiduciary duty, DiMaria must allege "the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct." *Gitzpatrick House III, LLC v. Neighborhood Youth & Family Services*, 868 N.Y.S.2d 212, 213 (2d Dep't 2008) (internal quotation marks omitted); *see also McKelvey v. Pierce*, 173 N.J. 26, 57 (2002) ("[T]he fiduciary is liable for harm resulting from a breach of the duties imposed by the existence of such a relationship." (internal quotation marks omitted)). The Second Amended Complaint, like its predecessor, does not contain sufficient facts about the losses suffered by each of the entities to substantiate DiMaria's conclusion that each suffered an injury.

In my September 30 order, I determined that DiMaria failed to make out a claim on behalf of any of the CFT Entities because the breach of fiduciary duty claims were "asserted on behalf of all the CFT Entities without distinguishing between them." I concluded that the

8

First Amended Complaint was deficient "in that if fail[ed] to specify how each of the CFT Entities was harmed by the defendants' conduct." I found this particularly problematic because "CFT Entities," as it was defined in the First Amended Complaint, included CFT, Inc. and CFT Associates. I held that any derivative claims on behalf of those two entities should be brought in the ABC proceeding and not in this court.

In her Second Amended Complaint, DiMaria addresses this problem simply by redefining "CFT Entities" to exclude CFT, Inc. and CFT Associates. Otherwise, her allegations are identical to those made in the First Amended Complaint, despite the considerable discovery that has occurred in the interim. Indeed, throughout the Second Amended Complaint, DiMaria refers to "the CFT Entities, CFT, Inc. and CFT Associates" where she once referred to the "CFT Entities." As in the earlier complaint, DiMaria alleges that the assets of the CFT Entities, including CFT, Inc. and CFT Associates were intertwined, and that the businesses were interdependent. Second Am. Compl. ¶ 4. Still at the center of her derivative claims is the allegation that the CFT Entities were harmed by the transfer of assets from CFT, Inc. and CFT Associates to CFT-IOS in the ABC proceeding. Second Am. Compl. ¶¶ 5, 50-51, 54. Accordingly, it remains impossible to determine what harm any of the CFT Entities is alleged to have suffered, and whether that harm can be distinguished from the alleged harm suffered by CFT, Inc. and/or CFT Associates. Where the Second Amended Complaint does not specify any distinct injury, but generally alleges that the CFT Entities, as defined therein, were injured when and because CFT, Inc. and CFT Associates ceased their operations, it is most plausibly read as an attempt to circumvent my decision not to rule on questions better left to the New Jersey court adjudicating the ABC proceeding.

The Second Amended Complaint fails to cure the deficiencies identified in my September 30 order, and accordingly, the derivative claim asserted in count two for breach of fiduciary duty is dismissed. In the absence of a plausible claim of breach of fiduciary duty, counts four and five – for conspiring to breach a fiduciary duty, and aiding and abetting a breach of fiduciary duty – must also be dismissed. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006) ("New York does not recognize an independent tort of conspiracy."); *SCS Communications, Inc. v. Herrick Co., Inc.*, 360 F.3d 329 (2d Cir. 2004) ("The elements of a cause of action for participation in a breach of fiduciary [include] breach by a fiduciary of a duty owed to plaintiff[.]").

C.   *Unjust Enrichment*

DiMaria alleges that she once made a loan of $284,000 to the CFT Entities, and she now seeks to hold not only the CFT Entities, but Goor personally liable for repayment of that loan. Accordingly, in her third cause of action, DiMaria asserts a claim for unjust enrichment against both Goor and the CFT Entities. In her First Amended Complaint, DiMaria alleged that she had lent the $284,000 to "Goor and the CFT Entities" to rescue the CFT Entities from illiquidity. First Am. Compl. ¶ 54. She alleged that Goor personally benefitted from the loan, and that "there was an explicit understanding between Mrs. DiMaria and Goor that Goor would personally repay the money to Mrs. DiMaria from receivables of the CFT Entities and L&D." In my September 30, 2011 order I noted the absence of any allegations that the monies were paid to Goor in his personal capacity or that he guaranteed the loan, and that the First Amended Complaint therefore contained no basis for holding Goor personally liable.

The Second Amended Complaint is equally devoid of factual allegations to support DiMaria's unjust enrichment claim against Goor. The Second Amended Complaint

fleshes out DiMaria's argument that Goor enjoyed a personal benefit as a result of the loan, but it states even more clearly than before that the "payment was not made to Goor directly nor did he enter into a written guaranty of such loan." Second Am. Compl. ¶ 57. That Goor received an incidental benefit from a loan made to the CFT Entities is insufficient to sustain a claim against him for repayment. Rather, "to recover under a theory of quasi contract, a plaintiff must demonstrate that services were performed *for the defendant* resulting in its unjust enrichment. It is not enough that the defendant received a benefit from the activities of the plaintiff[.]" *Kagan v. K-Tel Entertainment, Inc.*, 568 N.Y.S.2d 756, 757 (1st Dep't 1991) (emphasis in original) (citations omitted). Additionally, DiMaria's argument that "there was an understanding between Mrs. DiMaria and Goor that Goor would personally repay this money" is as unavailing in the Second Amended Complaint as it was in the First. Second Am. Compl. ¶ 58. To the extent that DiMaria relies on this allegation to argue that Goor made an unwritten promise to repay the loan if the CFT Entities failed to do so, the claim is barred by the statute of frauds. *See* N.Y. Gen. Obl. Law § 5-701(a)(2) ("Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing and subscribed to by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking . . . [i]s a special promise to answer for the debt, default or miscarriage of another person[.]"); N.J.S.A. 25:1-15 ("A promise to be liable for the obligation of another person, in order to be enforceable, shall be in a writing signed by the person assuming the liability or by that person's agent.").

Because DiMaria has failed in her Second Amended Complaint to specify facts that would make Goor liable for repayment of DiMaria's loan to the CFT Entities, the third cause of action is dismissed as against Goor.

D.  *Leave to Replead*

DiMaria has had two opportunities to amend her complaint. She now requests a third. The request is denied. Leave to amend should be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a), and "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead," *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991). However, "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and such leave should be denied where repleading would be futile, *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003); *Cuco v. Moritsugu*, 222 F.3d 99, 112 (2d. Cir. 2000). The claims dismissed in this order are dismissed for the second time. In my September 30 order, I detailed the claims' shortcomings and allowed DiMaria to replead in an effort to overcome the identified failings. But the claims as restated fail for the very same reasons they did the last time around. Despite having received substantial discovery since my September 30, 2010 order, DiMaria has identified no new facts to support her claims and has provided no reason to doubt that yet another opportunity to replead would lead to the same result. Accordingly, DiMaria's request for leave to replead the dismissed claims is denied.

## CONCLUSION

For the reasons stated above, the Second Amended Complaint's second, fourth and fifth causes of action – which assert derivative claims for breach of fiduciary duty, conspiracy, and aiding and abetting against Goor, Ryan and CFT-IOC – are dismissed with prejudice. As these are the only claims asserted against Ryan and CFT-IOS, those defendants are dismissed from the case. In addition, the third cause of action for unjust enrichment is dismissed as against Goor. Accordingly, the claims that survive are the first cause of action for

breach of contract against Goor, and the second cause of action for unjust enrichment as against the CFT Entities.

So ordered.

John Gleeson, U.S.D.J.

Dated: July 28, 2011
      Brooklyn, New York